AYRES, Judge.
This is an action in tort wherein plaintiffs, Jefferson D. Shires and Dr. Melvin F. Johnson, Jr., seek to recover property damages sustained by their automobiles when struck by an automobile of the defendant David L. Ross.
Negligence charged to defendant Ross consists of excessive speed and a failure to maintain a proper lookout, as well as a failure to avail himself of the last clear chance to avoid the accident. The defendants, Ross and his insurer, denied the acts of negligence attributed to Ross and charged Shires with negligence constituting the sole cause of the accident or, in the alternative, a contributing cause thereof. In this connection, it is specifically asserted that Shires attempted a left turn in the path of defendant’s vehicle and that he failed to maintain a proper lookout or to avail himself of the last clear chance to avoid the accident. In a recon-ventional demand, defendant Ross sought to recover of Shires damages sustained by defendant’s vehicle.
In assuming the position of third-parties-plaintiffs, defendants sought judgment over against Shires for one-half of any award that might be made against them in favor of plaintiff Johnson. This claim is predicated on the contention that Shires and Ross were joint tort-feasors and that Shires should contribute to the loss sustained by Johnson.
From a judgment in favor of plaintiffs as prayed for, defendants appealed.
The issues are purely factual in character. The accident occurred in the afternoon of October 10, 1967, in front of the Shires residence, located on the south side of the 200 block of College Street in Shreveport. This street runs in a general east and west course. The Johnson Chevrolet, occupied by Mrs. Johnson, was parked at the curb on the south side of the street, facing in an easterly direction. The Shires vehicle, driven by him in a westerly direction, was stopped four or five feet south of the north curb of the street while he and Mrs. Johnson engaged in a brief conversation extending over a period of at least two or three minutes. It was Shires’ intention to make a left turn into his driveway.
While plaintiffs’ vehicles were in the positions stated, with insufficient room to permit the passage of a motor vehicle between them, defendant Ross approached from the east and nevertheless attempted to pass between plaintiffs’ cars. In this attempt, the right front fender of defendant’s vehicle struck the left side of the Shires. automobile, and the left side of defendant’s vehicle struck the left rear fender of the Johnson automobile. There was nothing to obscure defendant’s view of the two automobiles as he approached them at a speed said to have been 40 m. p. h. There is a conflict in the testimony as to whether Shires’ car was moving at the time of the accident. Shires testified that his vehicle remained in a stationary position. Ross testified that it was moving and that Shires was making a left turn.
The trial court observed whether Shires was moving or not, Ross saw, or should have seen, the two cars in front of him and should have realized that he was confronted with a dangerous situation, whereupon it was reasoned that defendant could have either stopped his car or proceeded in a very careful manner. He did neither and the court concluded that the proximate cause of the accident must be attributed to him. The evidence supports *272 this finding of fact and the conclusion reached by the trial court. We find no error. From the record, it clearly appears that the defendant did not maintain a proper lookout; nor did he exercise reasonable care after seeing, or after he should have seen, plaintiffs’ cars in the street.
The judgment appealed is accordingly affirmed at defendants-appellants’ costs.
Affirmed.